UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PRADEEP REDDY and BINDU REDDY,

      Plaintiffs,

    v.

C. CHANNA REDDY and C. USHARANI REDDY,

      Defendants.

Case No. 25-cv-1310-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiffs' response (Doc. 8) to the Court's March 12, 2026, order to show cause why this case should not be dismissed for failure to serve process within 90 days of the date they filed the Complaint (Doc. 7). The plaintiffs have attempted unsuccessfully to obtain waivers of service from the defendants and have attempted to otherwise notify the defendants of the Summons and the Complaint. The plaintiffs believe the defendants are in India, and they ask the Court to authorize alternative service means pursuant to Federal Rule of Civil Procedure 4(f)(3) by mailing the Summons and Complaint to the defendants' counsel in the United States or by emailing the documents to the defendants.

Rule 4(f) governs service of process on an individual in a foreign country:

**(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
    **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
    * * *
    **(3)** by other means not prohibited by international agreement, as the court orders.

Subparagraph (1) refers to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6634 (appended to Fed. R. Civ. P. 4). The Hague Convention "was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). The Hague Convention contemplates international service of process through the "central authority" of each signatory state involved:

> The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries. 20 U.S.T. 362, T.I.A.S. 6638, Art. 2. Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. Art. 5. The central authority must then provide a certificate of service that conforms to a specified model. Art. 6. A state also may consent to methods of service within its boundaries other than a request to its central authority. Arts. 8-11, 19.

*Id.* at 698-99. "[C]ompliance with the Convention is mandatory in all cases to which it applies," *Id.* at 705; Fed. R. Civ. P. 4 advisory committee's notes (1993 Amendments, Subdivision (f)) ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.").

Under Rule 4(f)(3), a district court has discretion to allow an alternative method of service. It may be appropriate where service under the Hague Convention is unavailable because a signatory nation or its central authority is too slow or refuses to cooperate. Fed. R. Civ. P. 4 advisory committee's notes (1993 Amendments, Subdivision (f)). Any alternative method must satisfy federal due process requirements. Rule 4(f)(3) is limited by its terms to "means not prohibited by international agreement" such as the Hague Convention.

India and the United States are signatories to the Hague Convention.  *See* Hague Conference on Private International Law, Service section, Status table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (visited Mar. 18, 2026).  The plaintiffs have not explained why the Hague Convention is unavailable or ineffective for service of process in this case.  Further, they do not explain how the service methods they propose as alternatives satisfy federal due process requirements and are not prohibited by international agreement.  The Court will therefore decline the plaintiffs' invitation to allow alternative methods of service under Rule 4(f)(3).

The Court will, however, find there is good cause for failure to serve within 90 days of the filing of the Complaint and for extending the time for service.  The Court therefore **ORDERS** that the time for service of process under Rule 4(m) is extended to 180 days after entry of this order.  The plaintiffs may reapply for a further extension if necessary and justified by good cause.  The Court **DISCHARGES** the order to show cause (Doc. 7).

**IT IS SO ORDERED.**
**DATED:  March 18, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3